## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BAJER DESIGN & MARKETING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | No. 08 C 2296 |
| BASE4 GROUP, INC., | ) | Judge Coar |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

### Introduction and Standards of Review

In response to Plaintiff's claims for patent and trademark infringement, Defendant has raised 15 boilerplate affirmative defenses, copies of which are attached (See Exhibit 1). Each must be stricken pursuant to Fed.R.Civ.P. 12(f), which permits a court to strike "any insufficient defense."

An affirmative defense "must be adequately pleaded under the requirements of Rules 8 and 9 and set forth a short and plain statement of the defense" and "must include either direct or inferential allegations regarding all material elements of the affirmative defense being asserted." H.R.R. Zimmerman Co. v. Tecumseh Products Corp., 2002 WL 31018302 at *2 (N.D.Ill. September 9, 2002). Accord United States v. Hartz Construction Co., Inc., 2000 WL 1220919 (N.D. Ill. August 18, 2000). Liberal notice pleading standards do not relieve these requirements. Renalds v. S.R.G. Rest. Group, 119 F.Supp.2d 800, 802 (N.D.Ill.2000).

Where, as here, affirmative defenses are facially insufficient, motions to strike them "remove unnecessary clutter from the case [and] they serve to expedite, not delay." Heller Financial v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294-95 (7th Cir. 1989)(affirming striking

of affirmative "meritless" affirmative defenses, which were "nothing but bare bones conclusory allegations" and which "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims."). Accord Codest Engineering v. Hyatt Intern. Corp., 954 F.Supp. 1224, 1231 (N.D.Ill. 1996)(Coar, J.)(striking affirmative defense that consisted of "merely a 'bare bones, conclusory allegation.'"); Surface Shields, Inc. v. Poly-Tak Prot. Sys. Inc., 213 F.R.D. 307, 308 (N.D.Ill.2003)(same).

Phrased differently, "merely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a). 'It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense-which after all is the goal of notice pleading.'" Reis Robotics USA, Inc. V. A. Concept Industries, Inc., 462 F.Supp.2d 897 (N.D.Ill. 2006). Accord Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 738 (N.D.Ill.1982).

A three-part test for examining the sufficiency of an affirmative defense is applied. Surface Shields, 213 F.R.D. at 308; Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 737 (N.D.Ill.1982). First, it must be determined whether the matter is appropriately pled as an affirmative defense. Surface Shields, 213 F.R.D. at 308. Second, it must be determined whether the defense is adequately pled under Fed.R.Civ.P. 8 and 9. Id. Third, the court evaluates the sufficiency of the defense pursuant to a standard identical to Federal Rule of Civil Procedure 12(b)(6). Id.

Each of Defendant' 15 affirmative defenses consists of a single sentence, which contains bare bones conclusory allegations. None of the necessary elements of any defense is articulated, much less supported by a single fact. Illustrative is the first affirmative defense of patent invalidity and unenforceability. Defendant does not say whether it is asserted against both patents-

in-suit, and if so, what allegations apply to which patents because both patents contain numerous claims that are independent of each other and not identical to each other.  Further, the statutes cited have numerous subparts, there is no direct nor inferential identification of the portions of the statutes (if any) that are believed to be violated or if all sections of the cited statutes are asserted to be violated.

The party raising the affirmative defense has the duty of proving it.  See, e.g., Goodman v. Praxair, Inc. 494 F.3d 458, 464 (4th Cir. 2007).  For example, proof of patent invalidity requires a showing of facts proved by clear and convincing evidence. Connell v. Sears Roebuck & Co., 722 F.2d 1542, 1549 (Fed.Cir.1983). Given the Defendant's duty to prove its affirmative defenses and its duty under Rule 11 to conduct a prefiling investigation, Defendant must have at least the basic knowledge of the necessary elements and any supportive facts.

Moreover, to the extent that the first affirmative defense invokes unenforceability or failure to meet the disclosure requirements to the United States Patent and Trademark Office, it not only fails to satisfy Rule 8©, it does not pretend to satisfy Rule 9(b).  Allegations of patent unenforceability are allegations of inequitable conduct.  See Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp., 351 F.3d 1139, 1144 (Fed. Cir. 2003)("Historically issues of unenforceability have arisen in cases involving inequitable conduct occurring in the prosecution of patents.").

"Allegations of 'inequitable conduct' before the Patent Office, like other allegations of fraud, are subject to the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure." Solarex Corp. v. Arco Solar, Inc., 121 F.R.D. 163, 178 (E.D.N.Y. 1988), aff'd, 870 F.2d 642 (Fed. Cir. 1989).  See also Sun-Flex Co. v. Softview Computer Products Corp., 750 F. Supp. 962, 963 (N.D. Ill. 1990) ("allegations of inequitable conduct must be measured against the standard of Fed.R.Civ.P. 9(b)"); IPPV Enterprises v. Cable/Home Communications, 25 U.S.P.Q.

3

2d (BNA) 1894, 1896 (S.D. Cal. 1992) ("Rule 9(b) applies to the defense of inequitable conduct").

See Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins., 412 F.3d 745, 748-49

(7th Cir.2005)(while fraud may be an affirmative defense under Fed.R.Civ.P. 8©, it must be plead

with heightened particularity to allege circumstances constituting fraud as required by Rule 9(b).

Despite these commands, there has been no effort to allege"the first paragraph of any newspaper

story"—the "who, what, when, where, and how." See DiLeo v. Ernst & Young, 901 F.2d 624, 627

(7th Cir. 1990).

   To establish "fraud on the patent office" or inequitable conduct the party making the

allegation must at least allege and identify:  "(1) prior art or information that is material; (2)

knowledge chargeable to applicant of that prior art or information and of its materiality; and (3)

failure of the applicant to disclose the art or information resulting from an intent to mislead the

PTO."  See FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1415 (Fed. Cir. 1987).

   Here, Defendant has simply asserted the patents-in-suit to be unenforceable.  No facts are

provided to identify (1) any prior art or information; (2) how the unidentified prior art or

information is material; (3) what material prior art or material information was not disclosed to the

Patent and Trademark Office (PTO); (4) what patent, out of the patents that are the subject of this

lawsuit, that the material prior art or material information is relevant to; (5) how knowledge of the

unidentified prior art or material information is chargeable to the Plaintiff; (6) how Plaintiff, if

such knowledge of the prior art or material information was chargeable to the Plaintiff, knew such

prior art or material information to be material; and (7) what knowledge or information, chargeable

to the Plaintiff, was not disclosed by the Plaintiff prior to the PTO prior issuance of the specific

patent to which the alleged prior art or information was material.

   Defendant's affirmative defense 3 (unclean hands), 4 (laches), 5 (estoppel), 6

4

(acquiescence), 11 (trademark fair use), 14 (waiver), and 15 (justification) likewise fail to plead

the requisite elements of those defenses.  The defenses of "unclean hands", "latches", "estoppel",

"acquiescence"[1], "trademark fair use", "waiver", and "justification" are equitable defenses.

Equitable defenses must be pled with the specific elements required to establish the defense. See

Reis Robotics, supra. 462 F.Supp.2d at 907 ("Laches, waiver, estoppel, and unclean hands are

equitable defenses that must be pled with the specific elements required to establish the defense").

Accord State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D.Ill. 2001).  For

example, in order to state a defense of estoppel, Defendant must plead: (1) that Plaintiff took some

course of action, (2) upon which defendant reasonably relied, (3) causing defendant to change its

position for the worse. Zimmerman, 2001 WL 1356153, at *5.  Accord Bobbitt v. Victorian

House, Inc., 532 F.Supp. 734, 738 (N.D.Ill.1982).

    As a matter of law, Defendant's Ninth (descriptiveness) and Tenth (lack of secondary

meaning) affirmative defenses must be stricken.  The trademark-at-issue in the present suit is

incontestable. See Exhibit 2. An incontestable mark may not be challenged as merely descriptive.

See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc. 469 U.S. 189, 196 (1985).  "The language of the

Lanham Act also refutes any conclusion that an incontestable mark may be challenged as merely

descriptive." Id. at 196-197.

---

[1] "Specifically, acquiescence refers to "cases where the trademark owner, by affirmative word or
deed, conveys its implied consent to another." 4 McCarthy, supra, § 31:41; see also SunAmerica
Corp. v. Sun Life Assurance Co. of Canada, 77 F.3d 1325, 1334 (11th Cir.) (SunAmerica II), cert.
denied, 519 U.S. 822, 117 S.Ct. 79, 136 L.Ed.2d 37 (1996). More generally, acquiescence is
related to the doctrine of laches, by which "equity comes to the aid of an innocent user and grants
him refuge from a claimant who has calmly folded his hands and remained silent while the
innocent user has exploited and strengthened his mark." Johanna Farms, Inc. v. Citrus Bowl, Inc.,
468 F.Supp. 866, 881 (E.D.N.Y. 1978)." See TMT North America, Inc. v. Magic Touch GmbH
124 F.3d 876, 885 (7th Cir. 1997).

Further, a "merely descriptive" mark describes the qualities or characteristics of a good or service, and this type of mark may be registered only if the registrant shows that it has acquired secondary meaning, *i.e.,* it "has become distinctive of the applicant's goods in commerce." §§ 2(e), (f), 15 U.S.C. §§ 1052(e), (f)." Id. at 194. Accordingly, to say a mark lacks secondary meaning is simply another way of alleging it to be merely descriptive. Lack of secondary meaning and descriptiveness are affirmative defenses that are not available defenses to the enforcement of an incontestable trademark registration. Thus, Defendant's ninth and tenth affirmative defenses must be stricken.

In sum, none of the defenses attempts to supply the requisite elements, and none contains a single supporting fact. Each must be stricken.

Respectfully submitted,

Joseph A. Kromholz
John M. Manion
Daniel R. Johnson
Ryan Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee, Wisc. 53226-0618
(262) 783-1300

Andrew Staes
Stephen Scallan
Staes & Scallan, P.C.
111 W. Washington Street
Chicago, IL 60602
(312) 201-8969

6

## CERTIFICATE OF SERVICE

I, Andrew Staes, certify that I have caused a copy of Plaintiff's Motion To Strike Affirmative Defenses to be served upon the following persons electronically on August 11, 2008.


ANDREW STAES

## SERVICE LIST

P. Stephen Fardy
SWANSON, MARTIN & BELL
330 N. Wabash
Suite #3300
Chicago, Illinois 60611

Michael D. Pegues
Jason A. Wietjes
BRACEWELL & GUILIANI
1445 Ross Avenue
Suite #3800
Dallas, TX 75202

Base4 denies the allegations in paragraph O at page 25 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph P at page 25 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

U.S. Patent Nos. 5,964,533 and RE37,924 (collectively the "patents-in-suit") are invalid and/or unenforceable for failure to meet the conditions for patentability specified in 35 U.S.C. §§ 101-103, 112, and/or 251.

### Second Affirmative Defense

Base4 does not infringe the patents-in-suit and is not subject to liability for infringement of the patents-in-suit.

### Third Affirmative Defense

Plaintiff is not entitled to any relief or recovery by its Complaint under the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff is not entitled to any relief or recovery by its Complaint under the doctrine of laches.

### Fifth Affirmative Defense

Plaintiff is not entitled to any relief or recovery by its Complaint as its claims are subject to estoppel.

### Sixth Affirmative Defense

Plaintiff is not entitled to any relief or recovery by its Complaint under the doctrine of acquiescence.

### Seventh Affirmative Defense

U.S. Trademark Registration Nos. 2,276,917 and 2,271,373 (collectively, the "alleged marks") are invalid.

### Eighth Affirmative Defense

The alleged marks are generic.

### Ninth Affirmative Defense

The alleged marks are descriptive.

### Tenth Affirmative Defense

The alleged marks lack secondary meaning and are not inherently distinctive.

### Eleventh Affirmative Defense

Any use of the alleged marks by Base4 constitutes fair use as the alleged use is not in the trademark sense but strictly descriptive.

### Twelfth Affirmative Defense

There is no likelihood of confusion between the alleged marks and the asserted use of the alleged marks.

### Thirteenth Affirmative Defense

The Patents-in-suit are invalid and/or unenforceable as they are obvious.

### Fourteenth Affirmative Defense

Plaintiff is not entitled to any relief or recovery by its Complaint under the doctrine of waiver.

### Fifteenth Affirmative Defense

At all times, Base4's conduct was lawful, justified, reasonable, in good faith, and with innocent intent based upon the facts known at the time it acted, thereby precluding Plaintiff, even if it prevails, from recovering treble damages, attorneys' fees and/or costs, or any other enhanced damages.

WHEREFORE, Defendant Base4 Group, Inc. respectfully requests that this Court enter a judgment as follows:

    (a)    That U.S. Patent No. 5,964,533 is invalid and unenforceable.

    (b)    That U.S. Patent No. 5,964,533 is not infringed by Base4 Group, Inc.

    (c)    That U.S. Patent No. RE37,924 is invalid and unenforceable.

    (d)    That U.S. Patent No. RE37,924 is not infringed by Base4 Group, Inc.

    (e)    That U.S. Trademark Registration No 2,276,917 is invalid and unenforceable.

    (f)    That U.S. Trademark Registration No. 2,276,917 is not infringed by Base4 Group, Inc.

    (g)    That U.S. Trademark Registration No. 2,271,373 is invalid and unenforceable.

36

(h)    That U.S. Trademark Registration No. 2,271,373 is not infringed by Base4 Group, Inc.

(i)    That Base4 Group, Inc. be awarded its costs and attorneys' fees associated with the defense of this matter.

(j)    That Base4 Group, Inc. be granted all other relief to which it is entitled.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

By: /s/ P. Stephen Fardy
P. Stephen Fardy, Attorney No. 6230900
sfardy@smbtrials.com

Swanson, Martin & Bell, LLP
330 North Wabash Avenue,
Chicago, Illinois 60611
Phone: (312) 321-9100
Fax: (312) 321-0990

Michael D. Pegues
Texas Bar No. 15730600
michael.pegues@bgllp.com
Jason A. Wietjes
Texas Bar No. 24042154
jason.wietjes@bgllp.com
Bracewell & Giuliani, LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Phone: (214) 468-3800
Fax: (214) 468-3888

ATTORNEYS FOR DEFENDANT
BASE4 GROUP, INC.



UNITED STATES AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2271373    SERIAL NO: 75/283735    MAILING DATE: 12/30/2005
REGISTRATION DATE: 08/24/1999
MARK: POP-UPS!
REGISTRATION OWNER: LaMont Limited, Inc.

**CORRESPONDENCE ADDRESS:**

GREGORY G WILLIAMS
SIMMONS PERRINE ALBRIGHT & ELLWOOD PLC
THIRD FLOOR, TOWER PLACE
22 SOUTH LINN STREET
IOWA CITY IA 52240

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.
ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

**************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
020.

GRAY, TERRITA E
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**

ORIGINAL

---

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**I) **SECTION 8: AFFIDAVIT OF CONTINUED USE** The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration. **Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**
II) **SECTION 9: APPLICATION FOR RENEWAL** The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration. **Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

# Declaration of Use of Mark in Commerce Under Section 8

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 2271373 |
| **REGISTRATION DATE** | 08/24/1999 |
| **SERIAL NUMBER** | 75283735 |
| **MARK SECTION** | |
| MARK | POP-UPS! |
| **OWNER SECTION (current)** | |
| NAME | LaMont Limited, Inc. |
| STREET | 1530 Bluff Road |
| CITY | Burlington |
| STATE | IA |
| ZIP/POSTAL CODE | 52601 |
| COUNTRY | US |
| **OWNER SECTION (proposed)** | |
| NAME | LaMont Limited |
| STREET | 1530 North Bluff Road, Box 399 |
| CITY | Burlington |
| STATE | IA |
| ZIP/POSTAL CODE | 52601 |
| COUNTRY | US |
| **ATTORNEY SECTION** | |
| NAME | GREGORY G. WILLIAMS |
| FIRM NAME | SIMMONS, PERRINE, ALBRIGHT & ELLWOOD, P.L.C. |
| INTERNAL ADDRESS | THIRD FLOOR, TOWER PLACE |
| STREET | 22 SOUTH LINN STREET |
| CITY | IOWA CITY |
| STATE | IA |
| ZIP/POSTAL CODE | 52240 |
| COUNTRY | USA |
| PHONE | (319) 887-1368 |
| FAX | (319) 887-1372 |
| EMAIL | gwilliams@simmonsperrine.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| DOCKET NUMBERS | DN1208 |
| OTHER APPOINTED ATTORNEY(S) | MICHAEL F. WILLIAMS |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 020 |
| KEEP EXISTING GOODS AND/OR SERVICES | YES |

| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT9\IMAGEOUT9 \752\837\75283735\xml1\S0 80002.JPG |
|---|---|
| SPECIMEN DESCRIPTION | LABEL ATTACHED TO PRODUCTS |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 100 |
| TOTAL AMOUNT | 100 |
| **SIGNATURE SECTION** | |
| SIGNATURE | /gregorygwilliams3407/ |
| SIGNATORY NAME | GREGORY G. WILLIAMS |
| SIGNATORY DATE | 08/23/2005 |
| SIGNATORY POSITION | ATTORNEY |
| **FILING INFORMATION** | |
| SUBMIT DATE | Tue Aug 23 15:09:33 EDT 2005 |
| TEAS STAMP | USPTO/SECT08-64146113194-20050823150933260021-2271 373-200ebd23b1aa2f1e61e52 ff39396fc011e4-CC-73-2005 0823150251635145 |

PTO Form 1570 (Rev 9/2004)
OMB No. 0051-0055 (Exp 10/31/2008)

## Declaration of Use of Mark in Commerce Under Section 8

**To the Commissioner for Trademarks:**

**REGISTRATION NUMBER:** 2271373
**REGISTRATION DATE:** 08/24/1999

**MARK: POP-UPS!**

The owner, LaMont Limited, residing at 1530 North Bluff Road, Box 399, Burlington, IA US 52601, is using the mark in commerce on or in connection with the goods and /or services as follows:

For International Class 020, the owner is using or is using through a related company or licensee the mark in commerce on or in connection with all the goods/services listed in the existing registration.

The owner is submitting one specimen for each class showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services , consisting of a(n) LABEL ATTACHED TO PRODUCTS.
Specimen-1

The registrant hereby appoints GREGORY G. WILLIAMS and MICHAEL F. WILLIAMS of SIMMONS, PERRINE, ALBRIGHT & ELLWOOD, P.L.C., THIRD FLOOR, TOWER PLACE, 22 SOUTH LINN STREET , IOWA CITY, IA USA 52240 to submit this Declaration of Use of Mark in Commerce Under Section 8 on behalf of the registrant. The attorney docket/reference number is DN1208.

A fee payment in the amount of $100 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

**Declaration**

*The owner is using or is using through a related company or licensee the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements

made on information and belief are believed to be true.

Signature: /gregorygwilliams3407/    Date: 08/23/2005
Signatory's Name: GREGORY G. WILLIAMS
Signatory's Position: ATTORNEY

Mailing Address:
  SIMMONS, PERRINE, ALBRIGHT & ELLWOOD, P.L.C.
  THIRD FLOOR, TOWER PLACE
  22 SOUTH LINN STREET
  IOWA CITY, IA 52240

RAM Sale Number: 73
RAM Accounting Date: 08/24/2005

Serial Number: 75283735
Internet Transmission Date: Tue Aug 23 15:09:33 EDT 2005
TEAS Stamp: USPTO/SECT08-64146113194-200508231509332
60021-2271373-200ebd23b1aa2f1e61e52ff393
96fc011e4-CC-73-20050823150251635145

POP-UP HAMPER W/TOTE
PURPLE/GREEN          0056-E
                      SUPP. 19963-8

744 1023 0309 02

**$14.99**

# ROUTING SHEET TO POST REGISTRATION (PRU)

**Registration Number:**    2271373



**Serial Number:**    75283735



**RAM Sale Number:  73**

**RAM Accounting Date:  20050824**

**Total Fees:**        $100

Note:  Process in accordance with Post Registration Standard Operating Procedure (SOP)

| Transaction | Fee Code | Transaction Date | Fee per Class | Number of Classes | Total Fee |
|-------------|----------|------------------|---------------|-------------------|-----------|
| §8 affidavit | 7205 | 20050823 | $100 | 1 | $100 |

Physical Location: 900  - FILE REPOSITORY (FRANCONIA)

Lost Case Flag: False

In TICRS (AM-FLG-IN-TICRS): False

**Transaction Date:**    20050823





POP-UP HAMPER W/TOTE
**PURPLE/GREEN**    0056-E
                  SUPP.19963-8

744 1023 0309 02

**$14.99**


UNITED STATES
PATENT AND
★★★★ TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2276917    SERIAL NO: 75/568363    MAILING DATE: 11/18/2004
REGISTRATION DATE: 09/07/1999
MARK: POP OPEN
REGISTRATION OWNER: Bajer Design & Marketing, Inc.

CORRESPONDENCE ADDRESS:

JOHN M. MANION
RYAN KROMHOLZ & MANION
P.O. BOX 26618
MILWAUKEE, WISCONSIN 53226-0618

# NOTICE OF ACCEPTANCE

15 U.S.C. Sec. 1058(a)(1)

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
021.

THOMPKINS, LISA LORRIN
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION

ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATIONI) SECTION 8: AFFIDAVIT OF CONTINUED USE The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration. Failure to file the Section 8 Affidavit will result in the cancellation of the registration.
II) SECTION 9: APPLICATION FOR RENEWAL The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration. Failure to file the Application for Renewal will result in the expiration of the registration.

NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.

PTO Form (540) (Rev 9/2006)
OMB No. 0051-0009 (Exp 10/31/2009)

## Declaration of Use of Mark in Commerce Under Section 8

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 2276917 |
| **REGISTRATION DATE** | 09/07/1999 |
| **SERIAL NUMBER** | 75568363 |
| **MARK SECTION** | |
| MARK | POP OPEN |
| **OWNER SECTION (current)** | |
| NAME | Bajer Design & Marketing, Inc. |
| STREET | 20875 Enterprise Avenue |
| CITY | Brookfield |
| STATE | WI |
| ZIP/POSTAL CODE | 53045 |
| COUNTRY | US |
| **OWNER SECTION (proposed)** | |
| NAME | Bajer Design & Marketing, Inc. |
| STREET | N25 W23040 Paul Road |
| CITY | Pewaukee |
| STATE | WI |
| ZIP/POSTAL CODE | 53072 |
| COUNTRY | US |
| **ATTORNEY SECTION** | |
| NAME | John M. Manion |
| FIRM NAME | Ryan Kromholz & Manion, S.C. |
| STREET | P O Box 26618 |
| CITY | Milwaukee |
| STATE | WI |
| ZIP/POSTAL CODE | 53226-0618 |
| COUNTRY | USA |
| PHONE | 262 783-1300 |
| FAX | 262 783-1211 |
| EMAIL | rkmip@rkmiplaw.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| DOCKET NUMBERS | 1156.16051 |
| OTHER APPOINTED ATTORNEY(S) | Daniel D. Ryan, Reg. No. 29,243; Joseph A. Kromholz, Reg. No. 34,204; John M. Manion, Reg. No. 38,957; Laura A. Dable, Reg. No. 46,436; Daniel R. Johnson, Reg. No. 46,204; Patricia A. Limbach, Reg. No. 50,295; Patrick J. Fleis, Reg. No. 55,185; Melissa S. Hockersmith; and Thomas J. Krumenacher |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 021 |

| KEEP EXISTING GOODS AND/OR SERVICES | YES |
|---|---|
| SPECIMEN FILE NAME(S) | \\ticrs\EXPORT11\IMAGEOUT 11\755\683\75568363\xml1\ S080002.JPG |
| SPECIMEN DESCRIPTION | digitally photographed packaging |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 100 |
| TOTAL AMOUNT | 100 |
| **SIGNATURE SECTION** | |
| SIGNATURE | /Dean Krotts/ |
| SIGNATORY NAME | Dean Krotts |
| SIGNATORY DATE | 10/11/2004 |
| SIGNATORY POSITION | Vice President |
| **FILING INFORMATION** | |
| SUBMIT DATE | Mon Oct 11 16:30:54 EDT 2004 |
| TEAS STAMP | USPTO/SECT08-687855146-20 04101116305461800S-227691 7-200a4a7182bf983312196a3 ab81b6ebcc2e-CC-1406-2004 1011154913842062 |

PTO Form 1583 (Rev 8/2006)
OMB No. 0651-0055 (Exp 10/31/2008)

## Declaration of Use of Mark in Commerce Under Section 8
## To the Commissioner for Trademarks:

REGISTRATION NUMBER: 2276917
REGISTRATION DATE: 09/07/1999

MARK: POP OPEN

The owner, Bajer Design & Marketing, Inc., residing at N25 W23040 Paul Road, Pewaukee, WI US 53072, is using the mark in commerce on or in connection with the goods and /or services as follows:

For International Class 021, the owner is using or is using through a related company or licensee the mark in commerce on or in connection with all the goods/services listed in the existing registration.

The owner is submitting one specimen for each class showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services , consisting of a(n) digitally photographed packaging.
Specimen-1

The registrant hereby appoints John M. Manion and Daniel D. Ryan, Reg. No. 29,243; Joseph A. Kromholz, Reg. No. 34,204; John M. Manion, Reg. No. 38,957; Laura A. Dable, Reg. No. 46,436; Daniel R. Johnson, Reg. No. 46,204; Patricia A. Limbach, Reg. No. 50,295; Patrick J. Fleis, Reg. No. 55,185; Melissa S. Hockersmith; and Thomas J. Krumenacher of Ryan Kromholz & Manion, S.C., P O Box 26618, Milwaukee, WI USA 53226-0618 to submit this Declaration of Use of Mark in Commerce Under Section 8 on behalf of the registrant. The attorney docket/reference number is 1156.16051.

A fee payment in the amount of $100 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

### Declaration

*The owner is using or is using through a related company or licensee the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

Signature: /Dean Krotts/     Date: 10/11/2004
Signatory's Name: Dean Krotts
Signatory's Position: Vice President

Mailing Address:
  Ryan Kromholz & Manion, S.C.
  P O Box 26618
  Milwaukee, WI 53226-0618

RAM Sale Number: 1406
RAM Accounting Date: 10/12/2004

Serial Number: 75568363
Internet Transmission Date: Mon Oct 11 16:30:54 EDT 2004
TEAS Stamp: USPTO/SECT08-687855146-20041011163054618
005-2276917-200a4a7182bf983312196a3ab81b
6ebcc2e-CC-1406-20041011154913842062



# FEE RECORD SHEET

**Registration Number:**   2276917

**Serial Number:**   75568363

**RAM Sale Number:  1406**

**RAM Accounting Date:  20041012**

**Total Fees:**      $100

| Transaction | Fee Code | Transaction Date | Fee per Class | Number of Classes | Total Fee |
|---|---|---|---|---|---|
| §8 affidavit | 7205 | 20041011 | $100 | 1 | $100 |

**Transaction Date:**   20041011



