IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BAJER DESIGN & MARKETING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 2296 |
| | ) | |
| BASE4 GROUP, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Base4 Group, Inc. ("Base4" or "Defendant") files this Answer to Plaintiff Bajer Design & Marketing, Inc.'s ("Plaintiff") First Amended Complaint as follows:

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq. and under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq and is a complaint for patent infringement and trademark infringement.

> **ANSWER:** As to paragraph 1 of the Complaint, Base4 admits that the Complaint is for patent infringement and trademark infringement and that those causes of action arise under 35 U.S.C. § 271 and 15 U.S.C. § 1114 respectively. Base4 denies any allegations in paragraph 1 of the Complaint that are inconsistent with these specific admissions.

2. The Court has personal jurisdiction over Defendant BASE4 because Infringing Products have been sold in this district

> **ANSWER:** Base4 denies that it has sold infringing products in this District and therefore denies the allegations in paragraph 2 of the Complaint.

1

3.    The Court has personal jurisdiction over Defendant BASE4 because Infringing Products have been offered for sale in this district

**<u>ANSWER:</u>**    Base4 denies that it has sold infringing products in this District and therefore denies the allegations in paragraph 3 of the Complaint.

4.    Venue in this action is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant BASE4 resides in this district as the term "resides" is defined in 28 U.S.C. § 1391(c).

**<u>ANSWER:</u>**    Base4 denies that it has sold infringing products in this District and therefore denies the allegations in paragraph 4 of the Complaint.

5.    Venue in this action is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c) because Defendant BASE4 resides in this district as the term "resides" is defined in 28 U.S.C. § 1391(c) and because Defendant BASE4 is subject to personal jurisdiction in this district

**<u>ANSWER:</u>**    Base4 denies that it has sold infringing products in this District and therefore denies the allegations in paragraph 5 of the Complaint.

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a).

**<u>ANSWER:</u>**    Base4 admits the allegations in paragraph 6 of the Complaint.

7.    This Court has original federal question jurisdiction and supplemental jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 & 1367(a).

**<u>ANSWER:</u>**    Base4 admits the allegations in paragraph 7 of the Complaint.

8.    This Court has personal jurisdiction, under one or more subsections of 735 M. Comp. Stat. 5/2-209, over Defendant BASE4 because, upon information and belief, Infringing Products have been offered for sale in this district

> **ANSWER:**     Base4 denies that it has sold infringing products in this District and therefore denies the allegations in paragraph 8 of the Complaint.

9.     This Court has personal jurisdiction, under one or more subsections of 735 Ill. Comp. Stat 5/2-209, over Defendant BASE4 because, upon information and belief, Infringing Products have been sold in this district.

> **ANSWER:**     Base4 denies that it has sold infringing products in this District and therefore denies the allegations in paragraph 9 of the Complaint.

## THE PARTIES

10.     Plaintiff Bajer Design & Marketing, Inc. (Plaintiff Bajer Design) is a corporation organized under the laws of the State of Wisconsin.

> **ANSWER:**     Upon information and belief, Base4 admits the allegations in paragraph 10 of the Complaint.

11.     Plaintiff Bajer Design has its principal place of business at 1801 Airport Road, Waukesha, Wisconsin, 53188.

> **ANSWER:**     Upon information and belief, Base4 admits the allegations in paragraph 11 of the Complaint.

12.     Plaintiff Bajer Design is engaged in the business of manufacturing, marketing and selling, *inter alia*, collapsible containers including foldable hampers.

> **ANSWER:**     Upon information and belief, Base4 admits the allegations in paragraph 12 of the Complaint.

13.     Defendant Base4 Group, Inc. (Defendant BASE4) is a Delaware Corporation having its headquarters at 14001 Dallas Parkway, Suite 560, Dallas, TX 75240.

> **ANSWER:**     Base4 admits the allegations in paragraph 13 of the Complaint.

14.     Defendant BASE4 is engaged in the business of manufacturing, marketing, and selling, *inter alia,* collapsible containers including foldable hampers.

3

**ANSWER:**    Base4 admits that it has sold foldable hampers.    Base4 denies any allegations in paragraph 14 of the Complaint that are inconsistent with this specific admission.

## FACTUAL BACKGROUND AND NATURE OF THE CASE

15.    Plaintiff Bajer Design is the owner by assignment of U.S. Patent No. 5,964,533 ("the '533 patent" attached as <u>Exhibit 1</u>, the assignment attached as <u>Exhibit 2</u>) entitled "Hamper Apparatus and Methods"

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the allegations.

16.    Plaintiff Bajer Design is the owner by assignment of U.S. Patent No. RE37,924 ("the '924 patent" attached as <u>Exhibit 3</u>, the assignment attached as <u>Exhibit 4</u>) entitled "Collapsible Container and Method of Making and Using Same."

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the allegations.

17.    Plaintiff Bajer Design has the sole tight to license others to manufacture, import, use, offer to sell, and sell products claimed in the '533 patent

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies the allegations.

18.    Plaintiff Bajer Design has the sole right to license others to manufacture, import, use, offer to sell, and sell products claimed in the '924 patent

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies the allegations.

19.    Defendant BASE4 is not licensed to manufacture, import, use, offer to sell, or sell products claimed in the '533 patent.

**ANSWER:**    Base4 admits the allegations in paragraph 19 of the Complaint.

20.     Defendant BASE4 is not licensed to manufacture, import, use, offer to sell, or sell products claimed in the '924 patent.

> **ANSWER:**     Base4 admits the allegations in paragraph 20 of the Complaint.

21.     Defendant BASE4 is a corporation that sells and offers for sale, foldable hampers and collapsible containers ("the Infringing Products").

> **ANSWER:**     Base4 admits that it has sold foldable hampers. Base4 denies the remaining allegations in paragraph 21 of the Complaint.

22.     The Infringing Products include a "1 Pop-Up Hamper" (attached as Exhibit 5).

> **ANSWER:**     Base4 denies the allegations in paragraph 22 of the Complaint.

23.     The Infringing Product identified in Exhibit 5 is marked with the Notice: "© 2007 Distributed by Defendant BASE4 Dallas, TX 75240 All Rights Reserved Made in China".

> **ANSWER:**     Base4 denies that it infringes or has infringed any patent asserted in the Complaint. The asserted notice is not apparent in Exhibit 5 to the Complaint. Base4 therefore denies all of the allegations in paragraph 23 of the Complaint.

24.     The Infringing Product identified in Exhibit 5 has no patent marking.

> **ANSWER:**     Base4 denies that it infringes or has infringed any patent asserted in the Complaint. Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegation that the product depicted in Exhibit 5 to the Complaint has no patent marking and therefore denies the allegation.

25.     The Infringing Product identified in Exhibit 5 includes four flexible tension loops.

**ANSWER:** Base4 denies that it infringes or has infringed any patent asserted in the Complaint. Base4 denies that the item depicted in Exhibit 5 includes four flexible tension loops.

26.     The four flexible tension loops identified in Exhibit 5 are spring form steel.

**ANSWER:** Base4 denies that it infringes or has infringed any patent asserted in the Complaint. Base4 denies that the item depicted in Exhibit 5 includes four flexible tension loops. Base4 lacks knowledge or information sufficient to admit or deny whether or not components of the item depicted in Exhibit 5 are spring form steel.

27.     The Infringing Product identified in Exhibit 5 includes four flexible panels arranged in a substantially rectangular configuration.

**ANSWER:** Base4 denies that it infringes or has infringed any patent asserted in the Complaint. Base4 denies that the item depicted in Exhibit 5 includes four flexible panels arranged in a substantially rectangular configuration.

28.     The Infringing Product identified in Exhibit 5 includes four flexible panels of mesh fabric through which light passes.

**ANSWER:** Base4 denies that it infringes or has infringed any patent asserted in the Complaint. Base4 denies that the item depicted in Exhibit 5 includes four flexible panels. Base4 admits that the item depicted in Exhibit 5 has four mesh components through which light can pass. Base4 denies that the item depicted in Exhibit 5 includes four flexible panels of mesh fabric through which light passes.

29.     The Infringing Product identified in Exhibit 5 includes each of the panels coupled to and substantially encircled by one of the flexible tension loops.

**ANSWER:** Base4 denies the allegations in paragraph 29 of the Complaint.

30.     The Infringing Product identified in Exhibit 5 includes a rectangular shaped flexible bottom coupled to each of the panels.

**ANSWER:** Base4 denies the allegations in paragraph 30 of the Complaint.

6

31.    The Infringing Product identified in Exhibit 5 includes a first flexible handle coupled to one of the panels and a second flexible handle coupled to another of the panels, so that, the handles are on non-adjacent sides of the substantially rectangular configuration of panels.

> **ANSWER:**    Base4 admits that the item depicted in Exhibit 5 has handles. Base4 denies the remaining allegations in paragraph 31 of the Complaint.

32.    The Infringing Product identified in Exhibit 5 is a collapsible container having an open top.

> **ANSWER:**    Base4 admits that the item depicted in Exhibit 5 is collapsible.  Base4 admits that the item depicted in Exhibit 5 has an open top.  Base4 denies the remaining allegations in paragraph 32 of the Complaint.

33.    The Infringing Product identified in Exhibit 5 includes a plurality of adjacent side panels.

> **ANSWER:**    Base4 denies that it infringes or has infringed any patent asserted in the Complaint.  Base4 admits that the item depicted in Exhibit 5 includes a plurality of adjacent sides. Base4 denies that the item depicted in Exhibit 5 includes panels.  Base4 denies that the item depicted in Exhibit 5 includes a plurality of adjacent side panels.

34.    The Infringing Product identified in Exhibit 5 includes a plurality of adjacent side panels wherein each of the side panels includes a continuous, non-interrupted, planar web having a perimeter.

> **ANSWER:**    Base4 denies that it infringes or has infringed any patent asserted in the Complaint.  Base4 admits that the item depicted in Exhibit 5 includes a plurality of adjacent sides. Base4 denies that the item depicted in Exhibit 5 includes panels.  Base4 admits that each of the plurality of adjacent sides includes a continuous, uninterrupted planar section having perimeter.  Base4 denies that each of the plurality of adjacent sides includes a web.  Base4 denies that the item depicted in Exhibit 5 includes a plurality of adjacent side panels wherein each of the side panels includes a continuous, uninterrupted, planar web having a perimeter.

35.    The Infringing Product identified in Exhibit 5 including [sic] an edging attached to substantially the entire perimeter of the web and forming a continuous peripheral pocket and a continuous loop frame.

**ANSWER:**    Base4 denies the allegations in paragraph 35 of the Complaint.

36.    The Infringing Product identified in Exhibit 5 includes a frame being positioned within the continuous pocket.

**ANSWER:**    Base4 denies the allegations in paragraph 36 of the Complaint.

37.    The Infringing Product identified in Exhibit 5 includes side panels having a bottom side, a top side and two lateral sides.

**ANSWER:**    Base4 denies that it infringes or has infringed any patent asserted in the Complaint.  Base4 denies that the item depicted in Exhibit 5 includes panels.  Base4 admits that the item depicted in Exhibit 5 includes a bottom side and two lateral sides.  Base4 denies that the item depicted in Exhibit 5 includes a top side.  Base4 denies that the item depicted in Exhibit 5 includes side panels having a bottom side, a top side and two lateral sides.

38.    The Infringing Product identified in Exhibit 5 includes a floor panel having a plurality of sides, each of said floor panel sides being attached to at least one of said side panel bottom sides.

**ANSWER:**    Base4 denies that it infringes or has infringed any patent asserted in the Complaint.  Base4 denies that the item depicted in Exhibit 5 includes a floor panel.  Base4 denies that the item depicted in Exhibit 5 includes panels.  Base4 admits that the item depicted in Exhibit 5 includes a bottom side.  Base4 admits that the item depicted in Exhibit 5 includes sides.  Base4 admits that the item depicted in Exhibit 5 includes a bottom side attached to sides.  Base4 denies that the item depicted in Exhibit 5 includes a floor panel having a plurality of sides, each of said floor panel sides being attached to at least one of said side panel bottoms.

39.    The Infringing Product identified in Exhibit 5 includes the lateral sides of each side panel being attached to the lateral side of an adjacent side panel.

> **ANSWER:**    Base4 denies that it infringes or has infringed any patent asserted in the Complaint.    Base4 denies that the item depicted in Exhibit 5 includes panels.    Base4 admits that the item depicted in Exhibit 5 includes sides.    Base4 admits that the item depicted in Exhibit 5 includes sides that are connected to each other.    Base4 denies that the item depicted in Exhibit 5 includes the lateral sides of each side panel being attached to the lateral side of an adjacent side panel.

40.    Plaintiff Bajer Design owns a federal trademark registration POP OPEN®. Since approximately 1997, Plaintiff Bajer Design has used and promoted the POP OPEN® mark in connection with collapsible containers for household use.

> **ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies the allegations.

41.    Plaintiff Bajer Design is the owner by assignment of a federal trademark registration POP-UPS!®. Since approximately 2006, Plaintiff Bajer Design has used and promoted the POP-UPS!® mark in connection with foldable hampers.

> **ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies the allegations.

42.    Plaintiff Bajer Design brings this action to stop Defendant BASE4 from the unauthorized and infringing use of Plaintiff Bajer Design' registered POP OPEN® mark. Defendant BASE4's use of the POP UP mark on identical goods is likely to cause confusion, mistake or to deceive the public as to the source of the Defendant BASE4's goods, and as to the existence of a connection, affiliation or sponsorship between the Defendant BASE4 and Plaintiff Baja Design, when no such connection or affiliation exists.

> **ANSWER:**    Base4 denies the allegations in paragraph 42 of the Complaint.

43.    Plaintiff Bajer Design brings this action to stop Defendant BASE4 'from the unauthorized and infringing use of Plaintiff Bajer Design' registered POP-UPS!® mark. Defendant BASE4's use of the POP UP mark on identical goods is likely to cause confusion, mistake or to deceive the public as to the source of the Defendant BASE4's goods, and as to the existence of a connection, affiliation or sponsorship between the Defendant BASE4 and Plaintiff Bajer Design, when no such connection or affiliation exists.

> **ANSWER:**    Base4 denies the allegations in paragraph 43 of the Complaint.

44.    This action seeks permanent injunctive relief, monetary relief, and attorneys' fees (for any acts of infringement determined to be willful) based on Defendant BASE4's violation of: (1) the Patent Laws of the United States; (2) Section 32 of the Lanham Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114 (federal trademark infringement); (3) Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) (federal unfair competition and false designation of origin); (4) The Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, et seq. ILCS, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a)(2) and (3).

> **ANSWER:**    Base4 denies any and all wrongdoing asserted in paragraph 44 of the Complaint.   Base4 admits that Plaintiff seeks permanent injunctive relief, monetary relief, and attorneys' fees based on the allegations made in the Complaint.   Base4 denies any allegations in paragraph 44 of the Complaint that are inconsistent with this specific admission.

45.    Plaintiff Bajer Design owns a federal trademark registration for its POP OPEN® mark, Fed. Reg. No. 2,276,917 for use on a "collapsible containers first use anywhere at least as early as 1997 and use in commerce at least as early as 1997. See Certificate of Registration No. 2,276,917(attached hereto as "Exhibit 6").

> **ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies the allegations.

46.    Plaintiff Bajer Design, is the owner by assignment of a federal trademark registration for its POP-UPS! ® mark, Fed. Reg. No. 2,271,373 for use on hampers first used anywhere at least as early as 1996 and use in commerce at least as early as 1996. See Certificate of Registration No. 2,271,373 (attached hereto as "Exhibit 10") and the assignment of Registration No. 2,271,373 (attached hereto as "Exhibit 11").

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies the allegations.

47.    At all times material hereto, Plaintiff Bajer Design' federal trademark registrations have been, and continue to be, valid and subsisting.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies the allegations.

48.    Plaintiff Bajer Design began using the POP OPEN® mark in commerce over one decade ago.  Since that time, Plaintiff Bajer Design has continuously and extensively used the POP OPEN® mark across the United States in connection with distribution of its collapsible containers for household uses.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies the allegations.

49. The previous owner of the POP-UPS! ® mark began using the mark in commerce over one decade ago. Plaintiff Baja Design began using the  POP-UPS! ® mark in commerce in 2006. Since that time, Plaintiff Bajer Design has continuously and extensively used the POP-UPS!® mark across the United States in connection with distribution of its foldable hampers.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies the allegations.

50.    Plaintiff Baja Design has invested substantial amounts of time and effort in advertising and promotion to develop the widespread goodwill associated with its POP OPEN® mark.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and therefore denies the allegations.

51.    Plaintiff Bajer Design has invested substantial amounts of time and effort in advertising and promotion to develop the widespread goodwill associated with its POP-UPS!® mark.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and therefore denies the allegations.

52. The POP OPEN® mark and associated trade names are recognized by consumers as representing Plaintiff Bajer Design' high-quality goods.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and therefore denies the allegations.

53.    The POP-UPS!® mark and associated trade names are recognized by consumers as representing Plaintiff Bajer Design' high-quality goods.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and therefore denies the allegations.

54.    Defendant BASE4 sells virtually identical collapsible containers for household uses or foldable hampers that, upon information and belief, Defendant BASE4 caused to be imported from China (hereinafter "the Defendant BASE4 Chinese product").

**ANSWER:**    Plaintiff does not specify what containers it is referring to or what those containers are allegedly identical to.  Therefore, Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore denies the allegations.

55.    The Chinese collapsible containers for household uses or foldable hampers imported by Defendant BASE4 are depicted in Exhibit 5.

**ANSWER:**    Base4 does not understand the allegations in paragraph 55 of the Complaint and asserts that the allegations are incomprehensible.  Because of this, and because Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, Base4 denies the allegations.

56.    An actual Plaintiff Bajer Design POP OPEN® collapsible containers for household use looks as depicted in Exhibit 7.

**ANSWER:**     Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and therefore denies the allegations.

57.     An actual Plaintiff Bajer Design POP-UPS!® foldable hamper looks as depicted in Exhibit 12.

**ANSWER:**     Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies the allegations.

58. The Defendant BASE4 Chinese product and the actual POP OPEN® collapsible containers for household uses are substantially identical in appearance (attached hereto as "Exhibit 8").

**ANSWER:**     Base4 denies the allegations in paragraph 58 of the Complaint.

59. The Defendant BASE4 Chinese product and the actual POP-UPS! ® foldable hampers are substantially identical in appearance (attached hereto as "Exhibit 13").

**ANSWER:**     Base4 denies the allegations in paragraph 59 of the Complaint.

60. Defendant BASE4 refers to the Defendant BASE4 Chinese product as a "1 POP-UP HAMPER." See Exhibit 9.

**ANSWER:**     Base4 admits that Exhibit 9 to the Complaint contains the words 1 Pop-Up Hamper.  Base4 denies that it uses the words 1 Pop-Up Hamper in the trademark sense.  Base4 denies that any use of the words 1 Pop-Up Hamper infringe any trademark asserted by Plaintiff.

61.     The Defendant BASE4 Chinese product is not an actual POP OPEN® collapsible container for household use that is manufactured or sold by Plaintiff Bajer Design.

**ANSWER:**     As to paragraph 61 of the Complaint, Base4 admits that none of its products are manufactured or sold by Plaintiff.  Base4 denies any allegations in paragraph 61 of the Complaint that are inconsistent with this specific admission.

62.     The Defendant BASE4 Chinese product is not an actual POP-UPS!® foldable hamper that is manufactured or sold by Plaintiff Bajer Design.

> **ANSWER:**     As to paragraph 62 of the Complaint, Base4 admits that none of its products are manufactured or sold by Plaintiff.  Base4 denies any allegations in paragraph 62 of the Complaint that are inconsistent with this specific admission.

63. Defendant BASE4 has used the term "POP-UP" to identify the Defendant BASE4 Chinese product

> **ANSWER:**     Base4 denies the allegations in paragraph 63 of the Complaint.

64.     Defendant BASE4's "POP-UP' designation is confusingly similar to Plaintiff Bajer Design's POP OPEN® registration.

> **ANSWER:**     Base4 denies the allegations in paragraph 64 of the Complaint.

65.     Defendant BASE4's "POP-UP" designation is confusingly similar to Plaintiff Bajer Design's POP-UPS!® registration.

> **ANSWER:**     Base4 denies the allegations in paragraph 65 of the Complaint.

66.     The Defendant BASE4 Chinese product is a collapsible container for household use and, more specifically, a foldable hamper.

> **ANSWER:**     It is not clear to Base4 what product Plaintiff is referring to in paragraph 66 of the Complaint.  Because Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, it denies the allegations.

67.     An actual POP OPEN® product is a collapsible container for household use.

> **ANSWER:**     Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and therefore denies the allegations.

68.     An actual POP-UPS! ® product is a foldable hamper.

14

> **ANSWER:**     Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies the allegations.

69. The Defendant BASE4 Chinese product and actual POP OPEN® collapsible containers for household uses are identical in function.

> **ANSWER:**     Base4 denies the allegations in paragraph 69 of the Complaint.

70.     The Defendant BASE4 Chinese product and actual POP-UPS! ® foldable hampers ate identical in function.

> **ANSWER:**     Base4 denies the allegations in paragraph 70 of the Complaint.

71.     Defendant BASE4 competes with Plaintiff Bajer Design.

> **ANSWER:**     Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore denies the allegations.

72.     Actual POP OPEN® collapsible containers for household uses are sold through the same channels of trade as the Defendant BASE4 Chinese product.

> **ANSWER:**     Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and therefore denies the allegations.

73.     Actual POP-UPS!® foldable hampers are sold through the same channels of trade as the Defendant BASE4 Chinese product

> **ANSWER:**     Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and therefore denies the allegations.

74.     Upon information and belief, consumers who purchase the Defendant BASE4 Chinese product consumers who purchase actual POP OPEN® collapsible containers for household uses would be the typical customers of retailers such as Target and/or Wal-Mart.

> **ANSWER:**     Base4 does not understand the allegations of paragraph 74 of the complaint and asserts that the allegations are

incomprehensible.  Because of this, and because Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint, it denies the allegations.

75.    Upon information and belief, consumers who purchase the Defendant BASE4 Chinese product consumers who purchase actual POP-UPS* foldable hampers would be the typical customers of retailers such as Target and/or Wal-Mart

**ANSWER:**    Base4 does not understand the allegations of paragraph 75 of the complaint and asserts that the allegations are incomprehensible.  Because of this, and because Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, it denies the allegations.

76.    Upon information and belief, the conditions under which sales are made of the Defendant BASE4 Chinese products, are identical or nearly identical to, the" conditions under which sales ate made of actual POP OPEN® collapsible containers for household uses.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and therefore denies the allegations.

77.    Upon information and belief, the conditions under which sales are made of the Defendant BASE4 Chinese products, ate identical or nearly identical to, the conditions under which sales are made of actual POP-UPS!® foldable hampers.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and therefore denies the allegations.

78.    Upon information and belief, typical buyers to whom sales are made of the Defendant BASE4 Chinese products, are identical or nearly identical to, typical buyers to whom sales are made of actual POP OPEN® collapsible containers for household uses.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint and therefore denies the allegations.

79.    Upon information and belief, typical buyers to whom sales are made of the Defendant BASE4 Chinese products, are identical or nearly identical to, typical buyers to whom sales are made of actual POP-UPS!® foldable hampers.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and therefore denies the allegations.

80.    Upon information and belief, the degree of care likely to be used by consumers of the Defendant BASE4 Chinese products, is identical or nearly identical to, the degree of care likely to be used by consumers of actual POP OPEN® collapsible containers for household uses.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore denies the allegations.

81.    Upon information and belief, the degree of care likely to be used by consumers of the Defendant BASE4 Chinese products, is identical or nearly identical to, the degree of care likely to be used by consumers of actual POP-UPS!® foldable hampers.

**ANSWER:**    Base4 lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and therefore denies the allegations.

82.    The Defendant BASE4 Chinese product is closely related, if not identical, to actual POP OPEN® collapsible containers for household use.

**ANSWER:**    Base4 denies the allegations in paragraph 82 of the Complaint.

83.    The Defendant BASE4 Chinese product is closely related, if not identical, to actual POP-UPS! ® foldable hampers.

**ANSWER:**    Base4 denies the allegations in paragraph 83 of the Complaint.

84. Defendant BASE4's use of the POP OPEN® mark is likely to cause confusion or mistake or deceive the public into believing that the Defendant BASE4 is affiliated with, connected to or associated with Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 84 of the Complaint.

17

85.    Defendant BASE4's use of the POP-UPS! ® mark is likely to cause confusion or mistake or deceive the public into believing that the Defendant BASE4 is affiliated with, connected to or associated with Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 85 of the Complaint.

86.    Defendant BASE4's use of the POP OPEN® mark is likely to cause confusion or mistake or to deceive the public as to the origin, sponsorship or approval of Defendant BASE4's goods by Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 86 of the Complaint.

87.    Defendant BASE4's use of the POP-UPS!® mark is likely to cause confusion or mistake or to deceive the public as to the origin, sponsorship or approval of Defendant BASE4's goods by Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 87 of the Complaint.

88.    Unless enjoined, the Defendant BASE4 will continue to infringe and violate Plaintiff Bajer Design's rights in its POP OPEN® mark, which will irreparably harm Plaintiff Baja Design and cause Plaintiff Bajer Design to suffer damage, including but not limited to, damage to its goodwill and business reputation.

**ANSWER:**    Base4 denies the allegations in paragraph 88 of the Complaint.

89.    Unless enjoined, the Defendant BASE4 will continue to infringe and violate Plaintiff Bajer Design's tights in its POP-UPS!® mark which will irreparably harm Plaintiff Bajer Design and cause Plaintiff Bajer Design to suffer damage, including but not limited to, damage to its goodwill and business reputation.

**ANSWER:**    Base4 denies the allegations in paragraph 89 of the Complaint.

## COUNT I - PATENT INFRINGEMENT

90.    Plaintiff Bajer Design re-alleges and incorporates by reference paragraphs 1-89 of the Complaint

**ANSWER:**     In response to paragraph 90 of the Complaint, Base4 incorporates the above paragraphs 1-89 by reference.

91.     Defendant BASE4's manufacture, use, offer for sale, and sale of the Infringing Products including the Infringing Product identified in Exhibit 5 is an infringement of Plaintiff Bajer Design's rights under the '533 patent

**ANSWER:**     Base4 denies the allegations in paragraph 91 of the Complaint.

92.     Defendant BASE4's manufacture, use, offer for sale, and sale of the Infringing Product identified in Exhibit 5 is an infringement of at least one claim of the '533 patent

**ANSWER:**     Base4 denies the allegations in paragraph 92 of the Complaint.

93.     Defendant BASE4's manufacture, use, offer for sale, and sale of the Infringing Products including the Infringing Product identified in Exhibit 5 is an infringement of Plaintiff Baja Design's tights under the '924 patent

**ANSWER:**     Base4 denies the allegations in paragraph 93 of the Complaint.

94.     Defendant BASE4's manufacture, use, offer for sale, and sate of the Infringing Product identified in Exhibit 5 is an infringement of at least one claim of the '924 patent

**ANSWER:**     Base4 denies the allegations in paragraph 94 of the Complaint.

## Count II (Trademark Infringement - 15 U.S.C. § 1114)

95.     Plaintiff Bajer Design re-alleges and incorporates by reference paragraphs 1-89 of the Complaint

**ANSWER:**     In response to paragraph 95 of the Complaint, Base4 incorporates the above paragraphs 1-89 by reference.

96.     Defendant BASE4 has used words, terms, names and colorable imitations of Plaintiff Bajer Design' POP OPEN® mark in connection with the sale, offering for sale or advertising of goods.

**ANSWER:**   Base4 denies the allegations in paragraph 96 of the Complaint.

97.     Upon information and belief; Defendant BASE4's use of Plaintiff Bajer Design' POP OPEN® mark is likely to cause confusion, mistake or deceive an appreciable number of ordinary buyers as to the source of or association of those goods with Plaintiff Bajer Design.

**ANSWER:**   Base4 denies the allegations in paragraph 97 of the Complaint.

98.     Defendant BASE4 has used words, terms, names and colorable imitations of Plaintiff Bajer Design' POP-UPS! ® mark in connection with the sale, offering for sale or advertising of goods.

**ANSWER:**   Base4 denies the allegations in paragraph 98 of the Complaint.

99.     Upon information and belied Defendant BASE4's use of Plaintiff Bajer Design' POP-UPS! ® mark is lamely to cause confusion, mistake or deceive an appreciable number of ordinary buyers as to the source of or association of those goods with Plaintiff Bajer Design.

**ANSWER:**   Base4 denies the allegations in paragraph 99 of the Complaint.

100.  Defendant BASE4's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**ANSWER:**   Base4 denies the allegations in paragraph 100 of the Complaint.

101.  By reason of the foregoing acts of the Defendant BASE4, Plaintiff Bajer Design has sustained, and unless enjoined will continue to sustain, substantial injury and damage.

**ANSWER:**   Base4 denies the allegations in paragraph 100 of the Complaint.

102.  Defendant BASE4's acts have caused Plaintiff Bajer Design irreparable harm and, unless enjoined, will continue to cause Plaintiff Bajer Design continuing irreparable harm.

**ANSWER:**   Base4 denies the allegations in paragraph 101 of the Complaint.

103. Plaintiff Bajer Design has no adequate remedy at law.

**ANSWER:**   Base4 denies the implied allegation in paragraph 103 that Plaintiff is entitled to a remedy at law.  Therefore, Base4 denies that Plaintiff has no adequate remedy at law.

## Count III (Unfair Competition/False Designation of Origin -15 U.S.C. § 1125(a))

104. Plaintiff Bajer Design re-alleges and incorporates by reference paragraphs 1-89 and 95-103 of the Complaint.

**ANSWER:**   In response to paragraph 104 of the Complaint, Base4 incorporates the above paragraphs 1-89 and 95-103 by reference.

105. Upon information and belief, Defendant BASE4's use of its 'POP-UP' mark for identical goods (e.g. collapsible containers for household uses) is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods with Plaintiff Bajer Design.

**ANSWER:**   Base4 denies the allegations in paragraph 105 of the Complaint.

106. The foregoing acts of the Defendant BASE4 constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)

**ANSWER:**   Base4 denies the allegations in paragraph 106 of the Complaint.

107. By reason of the foregoing acts of Defendant BASE4, Plaintiff Bajer Design has sustained, and unless enjoined will continue to sustain, substantial injury and damage. Defendant BASE4's acts, unless enjoined, will cause Bajer Design continuing irreparable harm.

**ANSWER:**   Base4 denies the allegations in paragraph 107 of the Complaint.

108. Plaintiff Bajer Design has no adequate remedy at law.

**ANSWER:**    Base4 denies the implied allegation in paragraph 108 that Plaintiff is entitled to a remedy at law.   Therefore, Base4 denies that Plaintiff has no adequate remedy at law.

### Count IV (COMMON LAW TRADEMARK INFRINGEMENT)

109. Plaintiff Baja Design re-alleges and incorporates by reference paragraphs 1-89 and 95-108 of the Complaint.

**ANSWER:**    In response to paragraph 109 of the Complaint, Base4 incorporates the above paragraphs 1-89 and 95-108 by reference.

110. Defendant BASE4's use of Plaintiff Bajer Design' POP OPEN® mark for both related and identical goods is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods with Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 110 of the Complaint.

111. Defendant BASE4's use of Plaintiff Bajer Design' POP OPEN® mark has caused and, unless enjoined, will continue to cause irreparable harm to Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 111 of the Complaint.

112. Defendant BASE4's use of Plaintiff Bajer Design' POP-UPS® mark for both related and identical goods is rely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods with Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 112 of the Complaint.

113. Defendant BASE4's use of Plaintiff Bajer Design' POP-UPS® mark has caused and, unless enjoined, will continue to cause irreparable horn to Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 113 of the Complaint.

114. Plaintiff Baja Design has no adequate remedy at law.

**ANSWER:**    Base4 denies the implied allegation in paragraph 114 of the Complaint that Plaintiff is entitled to a remedy at law. Therefore, Base4 denies that Plaintiff has no adequate remedy at law.

115. Defendant BASE4's activities as stated herein constitute an infringement of Plaintiff Bajer Design' common law trademark rights in the name POP OPEN® within the state of Illinois and in violation of Illinois law.

**ANSWER:**    Base4 denies the allegations in paragraph 115 of the Complaint.

116. Defendant BASE4's activities as stated herein constitute an infringement of Plaintiff Bajer Design' common law trademark rights in the name POP-UPS® within the state of Illinois and in violation of Illinois law.

**ANSWER:**    Base4 denies the allegations in paragraph 116 of the Complaint.

## COUNT V (COMMON LAW UNFAIR COMPETITION)

117. Plaintiff Baja Design re-alleges and incorporates by reference paragraphs 1-89 and 95-116 of the Complaint.

**ANSWER:**    In response to paragraph 117 of the Complaint, Base4 incorporates the above paragraphs 1-89 and 96-116 by reference.

118. Plaintiff Bajer Design' POP OPEN® mark is distinctive and has acquired secondary meaning and is thereby a valid common law trademark.

**ANSWER:**    Base4 denies the allegations in paragraph 118 of the Complaint.

119. Plaintiff Bajer Design is the rightful owner of all common law rights in the POP OPEN® mark

**ANSWER:**    Base4 denies the allegations in paragraph 119 of the Complaint.

120. Defendant BASE4's use of Plaintiff Bajer Design' POP OPEN® mark for both related and identical goods is likely to cause confusion, or to cause

mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods with Plaintiff Bajer Design.

> **ANSWER:**  Base4 denies the allegations in paragraph 120 of the Complaint.

121. Defendant BASE4 could have chosen any number of alternative non-infringing marks, but instead chose to use "POP OPEN™" to describe the Defendant BASE4 Chinese product, which is confusingly similar to Plaintiff Bajer Design' POP OPEN® mark and blemishes the distinctiveness of Plaintiff Bajer Design' POP OPEN® mark.

> **ANSWER:**  Base4 denies the allegations in paragraph 121 of the Complaint.

122. Plaintiff Bajer Design' POP-UPS!® mark is distinctive and has acquired secondary meaning and is thereby a valid common law trademark.

> **ANSWER:**  Base4 denies the allegations in paragraph 122 of the Complaint.

123. Plaintiff Bajer Design is the rightful owner of all common law rights in the POP-UPS! ® mark.

> **ANSWER:**  Base4 denies the allegations in paragraph 123 of the Complaint.

124. Defendant BASE4's use of Plaintiff Bajer Design' POP-UPS!® mark for both related and identical goods is likely to cause confusion, or to cause mistake, or to deceive an appreciable number of ordinary buyers as to the source of or association of those goods with Plaintiff Bajer Design.

> **ANSWER:**  Base4 denies the allegations in paragraph 124 of the Complaint.

125. Defendant BASE4 could have chosen any number of alternative non-infringing marks, but instead chose to use "POP OPEN™" to describe the Defendant BASE4 Chinese product, which is confusingly similar to Plaintiff Bajer Design' POP-UPS! ® mark and blemishes the distinctiveness of Plaintiff Bajer Design' POP-UPS! ® mark.

> **ANSWER:**  Base4 denies the allegations in paragraph 125 of the Complaint.

126. Defendant BASE4's acts constitute unfair competition, unfair trade practice and infringement of Plaintiff Bajer Design' common law rights and are in violation of the common law of the State of Illinois.

**ANSWER:**    Base4 denies the allegations in paragraph 126 of the Complaint.

127. Defendant BASE4's use of Plaintiff Bajer Design' POP OPEN® mark is done with willful intent, harmful motive and reckless indifference to Plaintiff Bajer Design' rights.

**ANSWER:**    Base4 denies the allegations in paragraph 127 of the Complaint.

128. Defendant BASE4's use of Plaintiff Bajer Design' POP-UPS!® mark is done with willful intent, harmful motive and reckless indifference to Plaintiff Bajer Design' rights.

**ANSWER:**    Base4 denies the allegations in paragraph 128 of the Complaint.

129. Defendant BASE4 has been unjustly enriched by their acts.

**ANSWER:**    Base4 denies the allegations in paragraph 129 of the Complaint.

130. Defendant BASE4's use of Plaintiff Bajer Design' POP OPEN® mark has caused and, unless enjoined, will continue to cause irreparable harm to Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 130 of the Complaint.

131. Defendant BASE4's use of Plaintiff Bajer Design' POP-UPS! ® mark has caused and, unless enjoined, will continue to cause irreparable harm to Plaintiff Bajer Design.

**ANSWER:**    Base4 denies the allegations in paragraph 131 of the Complaint.

132. Plaintiff Bajer Design has no adequate remedy at law.

> **ANSWER:**    Base4 denies the implied allegation in paragraph 132 that Plaintiff is entitled to a remedy at law.  Therefore, Base4 denies that Plaintiff has no adequate remedy at law.

133. Plaintiff, as a direct and proximate result of aforesaid acts of infringement and has suffered both past, present, and on-going monetary damages in an amount to be determined at trial.

> **ANSWER:**    Base4 denies the allegations in paragraph 133 of the Complaint.

### COUNT VI (VIOLATION OF ILLINOIS CONSUMER FRAUD ACT)

134. Plaintiff Bajer Design realleges and incorporates by reference paragraphs 1 - 133 of the Complaint.

> **ANSWER:**    In response to paragraph 134 of the Complaint, Base4 incorporates the above paragraphs 1-133 by reference.

135. Defendant BASE4's conduct implicates consumer concerns.

> **ANSWER:**    Base4 denies the allegations in paragraph 135 of the Complaint.

136. Defendant BASE4's conduct, as alleged above, causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services and causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by another, in violation of 815 ILCS 510/2(a)(2) and (3).

> **ANSWER:**    Base4 denies the allegations in paragraph 136 of the Complaint.

137. The foregoing violation of the Uniform Deceptive Trade Practices Act violates the Illinois Consumer Fraud and Deceptive Practices Act. 815 ILCS 505/1, et seq.

> **ANSWER:**    Base4 denies the allegations in paragraph 137 of the Complaint.

WHEREFORE, Plaintiff Bajer Design prays for relief as follows:

A.　　For a decree adjudging that United States Letters Patent No. 5,964,533 has been infringed by Defendant BASE4 and that Plaintiff Bajer Design has been damaged by said infringement.

B.　　For an injunction permanently enjoining the Defendant BASE4, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the decree of this Court by personal service or otherwise, from directly or indirectly infringing the claims of United States Letters Patent No. 5,964,533.

C.　　For an accounting and damages against Defendant BASE4, according to proof at the time of trial, for all damages suffered by Plaintiff Bajer Design by reason of the infringement by Defendant BASE4 of United States Letters Patent No. 5,964,533 in an amount not less than a reasonable royalty, together with interest and costs, pursuant to 35 USC § 284.

D.　　For a decree adjudging that United States Letters Patent No. RE37,924 has been infringed by Defendant BASE4 and that Plaintiff Bajer Design has been damaged by said infringement.

E.　　For an injunction permanently enjoining the Defendant BASE4, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them 'who receive actual notice of the decree of this Court by personal service or otherwise, from directly or indirectly infringing the claims of United States Letters Patent No. RE37,924.

F.　　For an accounting and damages against Defendant BASE4, according to proof at the time of trial, for all damages suffered by Plaintiff Bajer Design by reason of the infringement by Defendant BASE4 of United States Letters Patent No. RE37,924 in an amount not less than a reasonable royalty, together with interest and costs, pursuant to 35 USC § 284.

G.　　For damages in an amount equal to three times the amount of damages found or assessed to compensate Plaintiff Bajer Design for any act of infringement by a Defendant BASE4 that is determined to be a willful, deliberate and intentional act, pursuant to 35 USC § 284.

H.    For an award of reasonable attorney fees against the Defendant BASE4, pursuant to 35 USG s 285 and 815 ILCS 50/10A.

I.    Enjoining the Defendant BASE4, their servants, agents and employees, and all other persons in active concert or participation with the Defendant BASE4, and their successors and assigns, from directly or indirectly:

1.    using any of Plaintiff Bajer Design' marks or names including the POP OPEN® and POP-UPS! ® marks or any colorable imitation of the POP OPEN or POP-UPS18 marks in advertising (including signage and on the Internet) or promotions;

2.    expressly or impliedly representing themselves to customers, potential customers, suppliers, potential suppliers or the public to be affiliated in any way with Plaintiff Bajer Design;

3.    representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by the Defendant BASE4 is supplied, authorized, sponsored, or endorsed by or otherwise connected Plaintiff Bajer Design; otherwise infringing the POP OPEN® or POP-UPS! ® mark and trade names; or

4.    competing unfairly with Plaintiff Bajer Design in any manner by improperly using the POP OPEN® or POP-UPS! ®marks and trade names, or any mark that is likely to cause confusion with Plaintiff Bajer Design' POP OPEN® or POP-UPS® marks;

J.    Ordering the Defendant BASE4 to deliver up for destruction all labels, signs, prints, insignia, letterhead, brochures, business cards, invoices and any other written or recorded material or advertisements in its possession or control containing the POP-UP mark and trade names, of any colorable imitation of the POP OPEN® or POP-UPS!® marks;

K.    Ordering the Defendant BASE4 to file with this Court and serve on Plaintiff Bajer Design within thirty (30) days from the date of entry of any restraining order and/or injunction, a report in writing„ under oath, setting forth in detail the manner and form in which the Defendant' BASE4 have complied with the terms of the injunction;

L.    Ordering the Defendant BASE4 to pay Plaintiff Bajer Design: (1) all profits, gains and advantages obtained from the Defendant BASE4's

unlawful conduct, including lost profits and corrective advertising damages in an amount to be determined at trial; (2) all monetary damages sustained and to be sustained by Plaintiff Bajer Design as a consequence of the Defendant BASE4's unlawful conduct, including lost profits, in an amount to be determined at trial; and (3) Plaintiff Bajer Design' costs and disbursements of this action, including reasonable attorneys' fees; or, at Plaintiff Bajer Design' election, statutory damages, of which nothing plead herein shall constitute an election of remedies.

M.     For any finding that Defendant BASE4's actions were willful order that the Defendant BASE4's profits or Plaintiff Bajer Design' damages (whichever is greater) be trebled as provided under 15 U.S.C. 1117(b).

N.     Awarding interest on the above damages awards, including prejudgment interest.

O.     That the Defendant BASE4 be directed to pay the Plaintiff Bajer Design costs and interest incurred herein.

P.     That the Plaintiff Bajer Design has such other and further relief as the circumstances of the case may require or as this Court deems just and proper.

**ANSWER:**    Base4 denies the allegations in paragraph 137 of the Complaint.

Base4 denies the allegations in paragraph A at page 21 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph B at page 21 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

29

Base4 denies the allegations in paragraph C at pages 21-22 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph D at page 22 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph E at page 22 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph F at page 22 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph G at page 22 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph H at page 23 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph I at page 23 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph J at pages 23-24 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph K at page 24 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph L at page 24 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph M at page 24 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph N at page 24 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph O at page 25 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

Base4 denies the allegations in paragraph P at page 25 of the Complaint. Base4 also denies that Plaintiff is entitled to the relief sought pursuant to this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Base4 does not infringe the patents-in-suit and is not subject to liability for infringement of the patents-in-suit.

### Second Affirmative Defense

Base4 does not infringe the alleged trademarks and is not subject to liability for infringement of the alleged marks.

### Third Affirmative Defense

There is no likelihood of confusion between the alleged marks and the asserted use of the alleged marks.  Plaintiff has not plead any facts, such as actual confusion to substantiate likelihood of confusion and Defendant is not aware of any consumer confusion.

### Fourth Affirmative Defense

Each claim of each of the patents-in-suit is invalid and/or unenforceable as they are obvious.  At this time Base4 relies on the entire prior art of record in the prosecution of the patents-in-suit and that disclosed by the applicant in the specifications of the patents-in-suit.

### Fifth Affirmative Defense

At all times, Base4's conduct was lawful, justified, reasonable, in good faith, and with innocent intent based upon the facts known at the time it acted, thereby precluding Plaintiff, even if it prevails, from recovering treble damages, attorneys' fees and/or costs, or any other enhanced damages.

WHEREFORE, Defendant Base4 Group, Inc. respectfully requests that this Court enter a judgment as follows:

(a)    That U.S. Patent No. 5,964,533 is invalid and unenforceable.

(b)    That U.S. Patent No. 5,964,533 is not infringed by Base4 Group, Inc.

(c)    That U.S. Patent No. RE37,924 is invalid and unenforceable.

(d)    That U.S. Patent No. RE37,924 is not infringed by Base4 Group, Inc.

(e)    That U.S. Trademark Registration No 2,276,917 is invalid and unenforceable.

(f)    That U.S. Trademark Registration No. 2,276,917 is not infringed by Base4 Group, Inc.

(g)    That U.S. Trademark Registration No. 2,271,373 is invalid and unenforceable.

(h)    That U.S. Trademark Registration No. 2,271,373 is not infringed by Base4 Group, Inc.

(I)    That Base4 Group, Inc. is awarded its costs and attorneys' fees associated with the defense of this matter.

(j)    That Base4 Group, Inc. is granted all other relief to which it is entitled.

**DEFENDANT DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

By: s/ P. Stephen Fardy
    P. Stephen Fardy
    Attorney ID No. 6230900
    sfardy@smbtrials.com

Swanson, Martin & Bell, LLP
330 North Wabash Avenue
Suite 3300
Chicago, Illinois 60611
Phone:  (312) 321-9100
Fax:  (312) 321-0990

Michael D. Pegues
Texas Bar No. 15730600
michael.pegues@bgllp.com
Jason A. Wietjes
Texas Bar No. 24042154
jason.wietjes@bgllp.com

Bracewell & Giuliani, LLP
1445 Ross Avenue
Suite 3800
Dallas, Texas 75202
Phone:  (214) 468-3800
Fax:  (214) 468-3888

ATTORNEYS FOR DEFENDANT
BASE4 GROUP, INC.